**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELORA WEBSTER, | )   NO. CV 05-3114-E |
| Plaintiff, | ) |
| v. | )   **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

**PROCEEDINGS**

Plaintiff filed a Complaint on April 29, 2005, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on May 31, 2005.

Plaintiff filed a motion for summary judgment on November 7, 2005.  Defendant filed a cross-motion for summary judgment on December 6, 2005.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed May 3, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based primarily on alleged carpal tunnel syndrome, "R.S.D." (reflex sympathetic dystrophy), headaches, and depression (Administrative Record ("A.R.") 111).  An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, medical experts, and vocational experts (A.R. 38-92, 161-463, 638-790, 808-34).

The ALJ found Plaintiff suffers from "status post right carpal tunnel release; has right lateral epicondylitis, mild with myofascial pain of the shoulder girdle and neck; right extrapyramidal syndrome; fibromyalgia syndrome; and major depression . . ." (A.R. 20).  The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform a significant range of light work (A.R. 33).  The ALJ found not credible Plaintiff's testimony regarding "excess" pain and limitations.  Id.  The Appeals Council denied review (A.R. 7-10).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S.

389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted).  However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

**I.      Substantial Evidence Supports the ALJ's Determination that Plaintiff Does Not Meet or Equal Any Listed Impairment.**

Plaintiff contends the ALJ erred in finding that Plaintiff does not meet or equal any listed impairment.  Plaintiff argues she

---

[1]      The harmless error rule applies to the review of administrative decisions regarding disability.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

1  meets Listing 12.07 for somatoform disorders.  Listing 12.07

2  requires:

3

4         Physical symptoms for which there are no demonstrable

5         organic findings or known physiological mechanisms.

6         The required level of severity for these disorders is

7         met when the requirements in both A and B are

8         satisfied.

9

10        A. Medically documented by evidence of one of the

11        following:

12

13        1. A history of multiple physical symptoms of several

14        years duration, beginning before age 30, that have

15        caused the individual to take medicine frequently, see

16        a physician often and alter life patterns

17        significantly; or

18        2. Persistent nonorganic disturbance of . . . [v]ision

19        . . . [s]peech . . . [h]earing . . . [u]se of a limb .

20        . . [m]ovement and its control . . . or . . .

21        [s]ensation . . . .

22        3. Unrealistic interpretation of physical signs or

23        sensations associated with the preoccupation or belief

24        that one has a serious disease or injury . . .

25

26        B. Resulting in at least two of the following:

27

28        1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social

functioning; or

3. Marked difficulties in maintaining concentration,

persistence, or pace; or

4. Repeated episodes of decompensation . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.07.

Plaintiff asserts that the testimony of Dr. Drucker at Plaintiff's second administrative hearing establishes that Plaintiff meets Listing 12.07. Dr. Drucker, however, suggested only a contingent possibility that Plaintiff might meet Listing 12.07. Specifically, Dr. Drucker stated that "[i]f we accept [Plaintiff's] presentation, largely [INAUDIBLE] by Dr. Serani [sic] and as she behaves in this room today, she probably meets . . . [Listing] 12.07" (A.R. 820). At the same time, Dr. Drucker voiced his suspicion that "there are conscious or unconscious elements of overstatement or exaggeration" in Plaintiff's description of her physical symptoms (A.R. 819). In response to Dr. Drucker's testimony, the ALJ asked: "[I]f you don't accept what you've seen here today at face value, what would you say [Plaintiff's] limitations are?" (A.R. 820). Dr. Drucker could not provide any definitive answer to that question (A.R. 820-21).

Thus, Dr. Drucker merely testified that, if one were to believe Plaintiff's subjective complaints, then Plaintiff probably would meet Listing 12.07. As Dr. Drucker noted, however, Plaintiff appeared to be exaggerating her subjective complaints (A.R. 819).

Moreover, the ALJ specifically found Plaintiff's complaints of excess pain and limitations not credible (A.R. 33).[2]  Consequently, Dr. Drucker's testimony does not establish that Plaintiff meets Listing 12.07.

Plaintiff also asserts that the opinion of Plaintiff's treating psychiatrist, Dr. Soorani, and the opinion of the examining psychologist, Dr. Izzi, support the argument that Plaintiff meets Listing 12.07.  Neither Dr. Soorani nor Dr. Izzi opined that Plaintiff meets Listing 12.07.  In addition, although Plaintiff cites to medical evaluations in which Dr. Soorani and Dr. Izzi noted limitations in Plaintiff's mental functioning (A.R. 312-18, 328-36, 456-63), the possibility that Plaintiff may be limited in her mental functioning does not establish that Plaintiff meets Listing 12.07. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.07.  Moreover, as discussed below, the ALJ properly rejected the opinions of Drs. Soorani and Izzi.  Therefore, Plaintiff has failed to identify any material error in the ALJ's determination that Plaintiff does not meet or equal any listed impairment.

II.     **The ALJ Properly Weighed the Medical Evidence Regarding Plaintiff's Impairments**.

Plaintiff argues that the ALJ failed to accord proper weight

---

[2]     Even the finding of a somatoform disorder is not inconsistent with the rejection of the credibility of a claimant's subjective complaints.  See, e.g., Buxton v. Halter, 246 F.3d 762, 763, 775 (6th Cir. 2001); Jones v. Callahan, 122 F.3d 1148, 1152 (8th Cir. 1997); Barsotti v. Commissioner, 2000 WL 328024 *1, 3-4 (D. Or. March 13, 2000).

to the alleged opinions of Dr. Soorani, Dr. Izzi, and Dr. Drucker that Plaintiff has significant limitations in her ability to perform workplace functions.  As an initial matter, Dr. Drucker never stated that Plaintiff suffers any significant work limitations.  To the contrary, Dr. Drucker suggested that Plaintiff highly exaggerates her physical symptoms (A.R. 819).  Plaintiff's allegation regarding Dr. Drucker's opinion is factually unsupported.

With respect to the evaluations by Dr. Soorani and Dr. Izzi of Plaintiff's alleged work limitations, the ALJ sufficiently explained why he did not find those evaluations to be reliable.  The ALJ stated that the evaluations were flawed because they were based heavily on Plaintiff's subjective complaints, which the ALJ properly found not credible (A.R. 28-30, 33).  The ALJ's reasoning constituted specific, legitimate reasons for rejecting Dr. Soorani and Dr. Izzi's opinions.  See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (an ALJ may reject even a treating physician's opinion that is predicated on the properly discounted subjective complaints of the claimant).

The ALJ properly acted within his discretion to resolve conflicts and ambiguities in the evidence.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  Where, as here, the evidence "admits of more than one rational interpretation," the Court must uphold the administrative decision.  Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).
///
///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 29, 2005.


_____
                /S/
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE